FILED

NOT FOR PUBLICATION

APR 28 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DOUGLAS WOO, an individual;
ARTHUR MOORE, an individual;
BENSON LIN, an individual; JUAN
SALCEDO, an individual; JOHN ARAKI,
an individual,

        Plaintiffs-Appellants,

  v.

SCOTTSDALE INSURANCE
COMPANY, an Ohio corporation,

        Defendant-Appellee.

No.   14-56992

D.C. No.
8:14-cv-00995-DOC-AN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted November 10, 2016
Pasadena, California

Before:  O'SCANNLAIN and RAWLINSON, Circuit Judges, and MARQUEZ,[**]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Rosemary Marquez, United States District Judge for the District of Arizona, sitting by designation.

Plaintiffs-Appellants Douglas Woo, Arthur Moore, Benson Lin, Juan Salcedo, and John Araki ("Insureds") sought declaratory relief and alleged breaches of contract and the implied covenant of good faith and fair dealing after Defendant-Appellee Scottsdale Insurance Company ("Insurance Company") declined to defend against and provide coverage for a lawsuit brought against Insureds. The United States District Court for the Central District of California granted summary judgment in favor of the Insurance Company, and denied summary judgment in favor of Insureds. Insureds now appeal.

We review de novo. *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc); *Moran v. Washington*, 147 F.3d 839, 844 (9th Cir. 1998). "We determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 860 (9th Cir. 2011) (quoting *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 832 (9th Cir. 2002)); *see also* Fed. R. Civ. P. 56(a).

The district court correctly granted the Insurance Company's motion for summary judgment and denied Insureds' motion for summary judgment. At least two clauses included in the parties' insurance contract namely the exclusions for prior knowledge and prior litigation expressly preclude coverage for the entirety of

2

the Tatung lawsuit. The prior knowledge exclusion precludes coverage for the Tatung suit because an insured, albeit not necessarily the Insureds here seeking coverage, knew of the facts and circumstances from which the Tatung suit derived. Similarly, the prior litigation exclusion precludes coverage for the Tatung suit because the suit arose out of a demand letter issued before April 2010. Because these exclusions render coverage impossible for any of the claims raised in the Tatung lawsuit, Insurer has no duty to defend Insureds therein. *See Montrose Chem. Corp. v. Super. Ct.*, 861 P.2d 1153, 1157-59 (Cal. 1993).

AFFIRMED.